UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No.: 10-29919-JKO |
| LP WATCH GROUP, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No.: 10-29921-RBR |
| CHARLES WINSTON LUXURY GROUP, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No.: 10-29924-RBR |
| A.G., INC., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION**

LP WATCH GROUP, INC., CHARLES WINSTON LUXURY GROUP, LLC, and A.G., INC., (each a "Debtor," and collectively, the "Debtors"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 1015 (b) and Local Rules 1015-1(B), 5005-I(G)(I)(a) and 9013-1(C)(14), file this *Debtors' Ex Parte Motion for Joint Administration* (the "Motion") seeking joint administration of their Chapter 11 cases. In support of this Motion, the Debtors respectfully represent the following:

**I. Preliminary Statement**

1.  The Debtors state that there are approximately in excess of approximately 200 creditors and parties in interest in their Chapter 11 bankruptcy cases. Joint administration of these

9110169.1

cases will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the Debtors and their estates, and will lessen the administrative burden on this Court. The Debtors believe that a relief requested in this Motion is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined below). The Court is authorized to grant the relief requested herein without notice and a hearing as provided for in Local Rule 1015-1(B)(2)(a) and 9013-I(C)(14). The Debtors anticipate that their principal secured and unsecured creditors would not oppose the relief requested herein, which seeks procedural relief only.

## II. Jurisdiction

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue is proper in this District pursuant to 28 U.S.C. §1408, as the Debtors are located at 3301 North 29th Avenue, Hollywood, Florida 33020. Each of the Debtors is an affiliate of the other as contemplated by 11 U.S.C. §101(2)(A).

## III. Background

3.  On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code 11 U.S.C. §101-1532.

4.  The Debtors are operating their businesses and managing their affairs as debtors in possession. 11 U.S.C. §1107(a) and 1108.

5.  The Debtors are known for their Lucien Piccard brand of fine watches which have been handcrafted and manufactured for generations. Founded in 1923 in Switzerland, Lucien Piccard timepieces have adorned royalty, dignitaries and celebrities worldwide. Today, the LP Watch Group is a leader in the branded watch arena and has recently diversified into several categories of jewelry as well. The Debtors' products combine art and fashion with superior technology and handcrafted quality. Timepieces and jewelry from the LP Watch Group are

manufactured in materials including 14 karat gold, stainless steel. High quality diamonds and precious and semi precious gems are incorporated into many of the watch designs.

6. Initially renowned for its classic gold precision timepieces, the LP Watch Group in recent years has broadened its product assortment to include distinct collections such as LP Italy®, Lucien Piccard®, Dufonte® by Lucien Piccard, Maddy Emerson®, Maddy Emerson Couture®, ME Couture®, Venetian Gold® and others. In 2007, the LP Watch Group, Inc. and A.G., Inc. expanded their product base and reach of its distribution through the acquisition of an eighty (80%) interest in the Charles Winston Luxury Group, LLC, known for its affordable fine high fashion jewelry utilizing simulated gemstones.

7. Collectively, the Debtors primarily sell their merchandise to department stores, retail web sites, resort hotels, cruise ships and direct response television businesses.

## IV. Relief Requested

8. The Debtors seek entry of an order directing the joint administration of the Debtors' Chapter 11 cases for procedural purposes only pursuant to Federal Rule of Bankruptcy Procedure 1015(b) and Local Rule 1015-1.

9. The Debtors specifically request that their Chapter 11 cases be jointly administered under the lowest case number of LP WATCH GROUP, INC., CHARLES WINSTON LUXURY GROUP, LLC, and A.G., INC.

10. The Debtors also request that if the cases were initially assigned to different judges, that the cases be transferred to the judge to whom the lowest numbered case was assigned.

## V. Basis for Relief

11. Bankruptcy Rule 1015(b) provides in relevant part as follows: "If a joint petition or tow or more petitions are pending in the same court by or against…a debtor and an affiliate, the

court may order a joint administration of the estates." Federal Rule of Bankruptcy Procedure 1015(b).

12. As described above, the Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Bankruptcy Rule 1015 promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re GlycoGenesys, Inc.*, 352 F.R. 568 (Bankr. D. Mass 2006); *In re PL Liquidation Corp.*, 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). While the Debtors constitute separate and distinct entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping. Accordingly, the Court is authorized to grant the relief requested.

13. The Debtors submit that joint administration of their Chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings, and orders, and will, therefore, save considerable time and expense for the Debtors and their estates.

14. Pursuant to the requirements of Local Rule 1015-1(B)(1), the Debtors state that joint administration will not give rise to any conflict of interest among the estates of the Debtors. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and will continue to maintain separate books and records. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintain redundant files. Finally, supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee will be simplified.

15. The interests of the Debtors, their estates, and all parties-in-interest would best be served by joint administration of Debtors' Chapter 11 cases.

16. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered in the docket of each of the Debtors' cases to reflect the joint administration of the cases:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: LP WATCH GROUP, INC., CHARLES WINSTON LUXURY GROUP, LLC, and A.G., INC. The docket of _____ should be consulted for all matters affecting this case.

**WHEREFORE**, the Debtors respectfully request entry of an order, in the form annexed hereto as **Exhibit "A"**, authorizing the joint administration of these Chapter 11 cases for procedural purposes only and granting such other and further relief as is just and equitable.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this Court pursuant to Local Rule 2090-1(A).

Dated: July 14, 2010.

Respectfully submitted,

ARNSTEIN & LEHR LLP

By: */s/ Peter E. Shapiro*
   Peter E. Shapiro
   Florida Bar No.: 615511

200 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: 954-713-7600
Facsimile: 954-713-7700
Email: peshapiro@arnstein.com
*Proposed Counsel for Debtors and Debtors-in-Possession*